UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS WAYNE BROWN,

    Plaintiff,

-vs-                                                  Case No. 8:19-cv-468-T-02AAS

ARAMARK CORRECTIONAL
SERVICES, LLC, et al.,

    Defendants.
_____/

## ORDER

Before the Court are Mr. Brown's second amended civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 16) and supplement (Doc. 18). Mr. Brown is a Florida pre-trial detainee at Falkenburg Road Jail ("FRJ") proceeding *pro se*. He sues the following defendants: Aramark Correctional Services, the company that contracts with Hillsborough County to provide canteen services at FRJ; Mrs. Franklin, a supervisor at FRJ; and Ms. Lisa, a supervisor with Aramark.

Mr. Brown alleges that Aramark "has made it to where" he cannot purchase items from the canteen at FRJ. He further alleges that although he mailed a letter to Ms. Lisa and submitted an Inmate Request form to Mrs. Franklin in which he informed them that he has not been able to receive "iCare" packages from his family and friends, he has not received a response, and has not received any "iCare" packages.[1]

Mr. Brown contends that because he has been prevented from receiving "iCare" packages and purchasing items from the canteen, Defendants have violated his rights under both the United

---

[1] The Court takes judicial notice of information available on the Hillsborough County Sheriff's Office website, http://www.hcso.tampa.fl.us/Articles/Articles/iCare-Gift-Services.aspx, available June 10, 2019, which indicates that "iCare" packages are care packages that can be ordered through the "iCare program" and sent to an inmate.

States and Florida Constitutions. As relief, he seeks $1,000.00, and an injunction directing Defendants to "lift the freeze on his 'iCare' package account" and "send him a Flavor Savor."

**STANDARD OF REVIEW**

The Court has examined the second amended complaint in accord with 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.[2] The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). That is, although the complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court finds, for reasons set forth *infra*, that the second amended complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a

---

[2]28 U.S.C. § 1915A (c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of...violations of criminal law...." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

2

claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## DISCUSSION

To establish a claim under § 1983, Mr. Brown must show that he was deprived of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wideman v. Shallowford Comm'y Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Mr. Brown has failed to allege facts showing that he was deprived a right under the United States Constitution because he has no constitutional right to use the canteen or receive care packages. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996) (there is no constitutional right to purchase items from the prison canteen); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[T]here is no constitutional right to purchase food from the canteen."); *Bennett v. Cannon*, 2006 WL 2345983, at *2 (D.S.C. Aug. 10, 2006) ("There is simply no freestanding constitutional right to canteen privileges at all"). Accordingly, he has failed to state a claim upon which relief may be granted.

To the extent Mr. Brown contends that Defendants violated his rights under the Florida Constitution, this is a state law claim. "[S]tate claims should ordinarily be dismissed if all federal claims are eliminated before trial." *Edwards v. Okaloosa County*, 5 F.3d 1431, 1433 (11th Cir. 1993). Because Mr. Brown's § 1983 claims will be dismissed, the Court declines to exercise supplemental jurisdiction over his state law claims. *See Rowe v. City of Fort Lauderdale*, 279 F.3d

1271, 1288 (11th Cir. 2002) ("Both comity and economy are served when issues of state law are resolved by state courts. The argument for dismissing the state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial."); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is **ORDERED** that:

1. Mr. Brown's claims under 42 U.S.C. § 1983 are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. His state law claims are **DISMISSED** without prejudice.

2. The **Clerk** shall close this case.

**DONE AND ORDERED** at Tampa, Florida, on _____June 10th_____, 2019.

_____
WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to:
Curtis Brown, *pro se*
Counsel of Record